Turley, J.
delivered the opinion of the court.
This is an action of replevin, brought by Pickett against Bridges, for several negro slaves, all of which were replevied by Pickett.
At the July term, 1849, of the circuit court of Smith county the plaintiff declared for the negroes in detinue, to which the defendant pleaded not guily. Upon the trial of the issue, it was found by a jury in favor of the defendant, and the value of the negroes assessed in one amalgamated sum, at eight hundred and, fifty-three dollars and twenty-seven cents, and interest thereon, thirty-four dollars and thirteen cents; amounting in the whole to eight hundred and eighty-seven dollars and forty cents: upon which judgment ’was given that the plaintiff restore to the possession of the defendant said negroes mentioned in the pleadings, or in default thereof that the defendant recover of the plaintiff and his securities, in his replevin bond, said sum of eight hundred and eighty-seven dollars and forty cents, and costs.
We find no fault with the verdict of the jury upon the issue; we think the proof justified them in finding it in favor of the defendant; but, we are constrained to say that we think they erred in the mode of assessing the value of the negroes, and .the damages.
We have seen that this action was brought for several negroes: it is under the provisions of the act of January 15th, 1846, ch. 65, made to give and regulate the action of replevin. In the third section thereof, it is provided the goods and chattels sued for shall be described in the writ with reasonable certainty. The tenth section provides that before any action shall be instituted under the statute, it shall be the duty of the plaintiff, his agent» *173 or attorney, to file an affidavit with the clerk of the court, in which he shall state that he is entitled to the possession of the property he proposes to replevy, and which property shall be described in the affidavit with reasonable certainty.
The ninth section provides that when the’ verdict is for the defendant, the judgment shall be that the goods and chattels be returned, or that the plaintiff and securities in the replevin bond, pay the value thereof, with six per cent, interest thereon, and damages for the detention from the time of the seizure, which shall be determined by the jury and form a part of their verdict.
Now, when several distinct and separate things are replevied, for instance, a horse, a cow, and a mule, or negroes, A. B. C. and D., can a jury in conformity with the provisions of this statute, assess in one sum the amalgamated value of the whole, with interest thereon, or must they assess the particular value of each separate article of property replevied, with interest thereon, as the amount to be paid provided the things be not returned? We are forced to hold that it must be the latter. We have seen that the statute requires that the property to be replevied shall be described in the writ and affidavit with reasonable certainty, and that the plaintiff may discharge himself from the payment of the value thereof, by returning the same, and the payment of damages for the detention from the time of the replevin, and that the jury shall assess the value. Now, if . all the property replevied be alike in its character, and not possessed of a distinct and separate quality, and be so described in the proceedings to be, a. general assessment of value ought to be made: as if it be so many barrels of corn, so many pounds of tobacco, so many hogs, horses *174 or cows. But if it be for distinct and separate articles having no identity of character, the value ought to be assessed for each distinct and separate article, as if it be for a horse and a wagon, a negro and a mule. Because, in the latter case one of the things may be returned without the other, there being no such unity between them as makes it impossible to separate them. You may return the wagon and not the horse, for perchance, the horse may be dead, and so of the negro and the mule. But not so in the first case; for you cannot return a portion of the corn or tobacco, hogs, horses or cows, because they are not claimed in a distinct and separate character, but in gross, viz, so much corn or tobacco, so many hogs, horses and cows; not but that in the cases of hogs, horses and cows, the action might not be so framed as to make them distinct and separate, so as to have a separate valuation. But to do this they must be described so distinctly as to set them apart from each other, so that they can be distinguished by proof, and a separate value affixed to each: they are then sued for distinctly and separately, and not in gross.
In the case now under consideration, the action is not for a number of negroes in gross, but for particular ne-groes, distinguished by name, sex, age and value. This then is an action for distinct, separate articles of property ; property liable to perish. It may be in the power of the plaintiff to deliver some of the negroes, and some of them not, because some of them may be dead. He should, then, have it in his power to relieve himself by delivering those alive, and by paying for those which may be dead. This he cannot do unless a distinct and separate valuation be affixed to each.
*175 It is a well settled principle of the common law in relation to the action of detinue, that when distinct and separate articles are sued for, there must be a distinct and separate valuation of each, in order that upon a writ of distringas, those may be got which can, and for those which cannot, a compensation shall be made in money. •
Under the statute regulating the action oí replevin no distringas issues; but the plaintiff is allowed to return the property, and if it be of a distinctive character, and capable of a distinctive delivery, he ought to have the right to deliver what he can, and pay for that which he cannot.
We therefore reverse the judgment in this case, and remand it for a new trial and assessment of damages in accordance with the principles of this opinion.